**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NUMBER 6:20-CR-00023-JCB** |
| **v.** | § | |
| | § | |
| | § | |
| **RANDALL JAMES MOORE,** | § | |
| | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On January 5, 2021, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Randall James Moore. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matthew Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession With Intent to Distribute 50 Grams or More of a Mixture Containing a Detectable Amount of Methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The United States Sentencing Guideline, range based on total offense level of 28 and criminal history category of I, was 78 to 97 months. On August 28, 2013, District Judge Marina Garcia Marmolejo of the Southern District of Texas sentenced Defendant to 78 months imprisonment followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include drug aftercare, 150 hours of community service, and a $100.00 special assessment fee. On March 25, 2019, Randal James Moore completed his term of imprisonment and began his term of supervision in this District. On February 26, 2020, Defendant's original term of supervised release

was revoked and Defendant was sentenced to a period of incarceration of time served (169 days) followed by a new term of supervision which began on February 28, 2020.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In Allegation 1 of its petition, the government alleges that Defendant violated his conditions of supervised release by submitting a urine specimen that tested positive for methamphetamine on March 11, 2020. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the Court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 1 of the government's petition. In exchange, the government agreed to recommend to the Court a sentence of ten months with no supervised release to follow.

The Court therefore **RECOMMENDS** that Defendant Randall James Moore's plea of true be accepted and that he be sentenced to ten months imprisonment with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be FCI Seagoville, Texas or Texarkana, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 5th day of January, 2021.**

*[Signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE